Receipt number BUSFCC-6074619

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BRENDA BRASWELL | : |
| | : |
| JERROD CARRIER | : |
| | : |
| GEORGE GUICE | : |
| | : |
| JASON PHILLIPS | : |
| | : |
| AUBREY MELDER | : |
| | : |
| On behalf of themselves and all others | : |
| Similarly situated, | : |
| | : |
|     Plaintiffs, | : |
| v. | : |
| | : |
| THE UNITED STATES OF AMERICA | : |
| | : |
|     Defendant. | : |
| | : |

Civil Action No. 20-359 C _____

Class Action

## COMPLAINT

Plaintiffs Brenda Braswell, Jerrod Carrier, George Guice, Jason Phillips, and Aubrey Melder, on behalf of themselves and all others similarly situated, allege and state the following:

## INTRODUCTION

1.      The Plaintiffs are employees of the Defendant United States of America and its public agencies who from January 27, 2020 through the present and continuing and ongoing have performed work with or in close proximity to objects, surfaces, and/or individuals infected with the novel coronavirus ("COVID-19").  Because the Plaintiffs were not paid the hazardous duty pay differential for exposure to virulent biologicals set forth in Appendix A to subpart I of Part 550 of Title 5, Code of Federal Regulations or the environmental differential for exposure to hazardous micro-organisms set forth in in Appendix A to subpart E of Part 532 of Title 5, Code of

Federal Regulations, the Defendant has and continues to violate 5 U.S.C. § 5545(d) and 5 U.S.C. § 5343(c)(4).

2.      The Plaintiffs bring this action on behalf of themselves and all similarly situated federal employees for a declaratory judgment, damages and other relief, pursuant to 5 U.S.C. § 5545(d), 5 U.S.C. § 5343(c)(4), 28 U.S.C. §§ 2201 and 2202, and 5 U.S.C. § 5596.

## JURISDICTION AND VENUE

3.      The United States Court of Federal Claims has jurisdiction and venue over this action pursuant to 28 U.S.C. § 1491, 5 U.S.C. § 5545(d), 5 U.S.C. § 5343(c)(4), 28 U.S.C. § 2501, 5 U.S.C. § 701 et seq., 28 U.S.C. §§ 2201 and 2202, and 5 U.S.C. § 5596.

## PARTIES

4.      Plaintiff Brenda Braswell is an employee of Defendant United States of America pursuant to Title 5 of the United States Code.  She is currently employed as a General Schedule Consumer Safety Inspector within the Food Safety and Inspection Service ("FSIS") of the U.S. Department of Agriculture ("USDA") in Pine Bluff, Arkansas.  At various times, Plaintiff Braswell has been required to perform duties involving unusual physical hardship or hazard within the meaning of 5 U.S.C. § 5545(d).

5.      Plaintiff Jerrod Carrier is an employee of Defendant United States of America pursuant to Title 5 of the United States Code.  He is currently employed as a Wage Grade Maintenance Worker Foreman at the Bureau of Prisons ("BOP") of the U.S. Department of Justice ("DOJ") in Oakdale, Louisiana.  At various times, Plaintiff Carrier has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4).

6.     Plaintiff George Guice is an employee of Defendant United States of America pursuant to Title 5 of the United States Code.  He is currently employed as a Wage Grade Food Service Foreman at the Bureau of Prisons ("BOP") of the U.S. Department of Justice ("DOJ") in Oakdale, Louisiana.  At various times, Plaintiff Guice has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4).

7.     Plaintiff Jason Phillips is an employee of Defendant United States of America pursuant to Title 5 of the United States Code.  He is currently employed as a General Schedule Diagnostic Radiology Technologist with the Portland Veterans Affairs Healthcare System of the U.S. Department of Veterans Affairs ("VA") in Portland, Oregon.  At various times, Plaintiff Phillips has been required to perform duties involving unusual physical hardship or hazard within the meaning of 5 U.S.C. § 5545(d).

8.     Plaintiff Aubrey Melder is an employee of Defendant United States of America pursuant to Title 5 of the United States Code.  He is currently employed as a Senior Officer Specialist at the Bureau of Prisons ("BOP") of the U.S. Department of Justice ("DOJ") in Oakdale, Louisiana.  At various times, Plaintiff Melder has been required to perform duties involving unusual physical hardship or hazard within the meaning of 5 U.S.C. § 5545(d).

## FACTS

9.     5 U.S.C. § 5545(d) provides that the United States Office of Personnel Management ("OPM") shall establish a schedule of pay differentials for duty involving unusual physical hardship or hazard.  Pursuant to 5 U.S.C. § 5545(d), OPM has issued regulations at 5 C.F.R. §§ 550.901-550.907, which establish a schedule of hazardous duty pay differentials and provide that

an employee who qualifies for hazardous duty pay shall be paid the hazardous duty pay differential for each day that the employee is exposed to hazardous duty.

10.     The schedule of hazardous duty pay differentials set forth in Appendix A to subpart I of Part 550 of Title 5, Code of Federal Regulations, provides that agencies shall pay a twenty five percent (25%) hazard pay differential when employees perform work with or in close proximity to "virulent biologicals," which are defined as "materials of micro-organic nature which when introduced into the body are likely to cause serious disease or fatality and for which protective devices do not afford complete protection."  5 C.F.R. § Pt. 550, Subpt. I, App. A.

11.     Pursuant to 5 U.S.C. § 5343(c)(4), OPM has issued regulations for prevailing rate employees which provide for environmental pay differentials for duty involving unusually severe working conditions or unusually severe hazards.  See 5 C.F.R. § 532.511.

12.     The schedule of environmental differentials set forth in Appendix A to subpart E of Part 532 of Title 5, Code of Federal Regulations, provides that agencies shall pay an eight percent (8%) environmental differential when employees perform work with or in close proximity to "micro-organisms which involves potential personal injury such as death, or temporary, partial, or complete loss of faculties or ability to work due to acute, prolonged, or chronic disease"  where "the use of safety devices and equipment, medical prophylactic procedures such as vaccines and antiserims and other safety measures do not exist or have been developed but have not practically eliminated the potential for such personal injury" and a four percent (4%) environmental differential when employees perform work with or in close proximity to "micro-organisms in situations for which the nature of the work does not require the individual to be in direct contact with primary containers of organisms pathogenic for man" where "the use of safety devices and

equipment and other safety measures have not practically eliminated the potential for personal injury" and 5 C.F.R. § Pt. 532, Subpt. E, App. A.

13. Since January 27, 2020 through the present and continuing and ongoing, Plaintiffs have performed work with or in close proximity to objects, surfaces, and/or individuals infected with the novel coronavirus ("COVID-19").

14. COVID-19 is a virus which when introduced into the body is likely to cause serious disease or fatality. The Centers for Disease Control and Prevention ("CDC") has determined that COVID-19 meets the definition for "severe acute respiratory syndromes" as set forth in Executive Order 13295, as amended by Executive Orders 13375 and 13674, and, therefore, is a "quarantinable communicable disease." *See* Attachment to OPM Memorandum No. 2020-05, *Coronavirus Disease 2019 (COVID-19): Additional Guidance* (March 7, 2020). COVID-19 can cause symptoms ranging from mild illness "to severe illness and death." *See* Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), Symptoms of Coronavirus, available at: https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/symptoms.html (last visited March 27, 2020). More than 240,000 people worldwide, including more than 1,300 in the United States, have died from COVID-19. *See* CBS News, *Coronavirus updates: U.K. Leader Tests Positive as U.S. States Seek Help* (March 27, 2020), available at: https://www.cbsnews.com/live-updates/coronavirus-news-latest-2020-03-27/ (last visited March 27, 2020).

15. COVID-19 is "spreading easily from person-to-person" and has been characterized as a pandemic by the World Health Organization ("WHO"). *See* Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), Situation Summary, available at:

https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/summary.html#severity (last visited March 27, 2020).

16.      The virus can be spread by touching infected objects or surfaces and by breathing in areas where an infected person has coughed or exhaled.  As the World Health Organization explained, "The disease can spread from person to person through small droplets from the nose or mouth which are spread when a person with COVID-19 coughs or exhales. These droplets land on objects and surfaces around the person. Other people then catch COVID-19 by touching these objects or surfaces, then touching their eyes, nose or mouth. People can also catch COVID-19 if they breathe in droplets from a person with COVID-19 who coughs out or exhales droplets." World Health Organization, Q&A on coronaviruses (COVID-19) (March 9, 2020), available at: https://www.who.int/news-room/q-a-detail/q-a-coronaviruses (last visited March 27, 2020).

17.      According to the World Health Organization, "Studies suggest that coronaviruses (including preliminary information on the COVID-19 virus) may persist on surfaces for a few hours or up to several days. This may vary under different conditions (e.g. type of surface, temperature or humidity of the environment)."   World Health Organization, Q&A on coronaviruses (COVID-19) (March 9, 2020), available at: https://www.who.int/news-room/q-a-detail/q-a-coronaviruses (last visited March 27, 2020).   Accordingly, contact with an infected object or surface may present a risk of transmission for "up to several days" from the time the object or surface became infected.

18.      A person who is infected with COVID-19 may not present symptoms immediately. Rather, there is an "incubation period" in which a person is infected but has not begun to present symptoms.  According to the World Health Organization, "Most estimates of the incubation period for COVID-19 range from 1-14 days, most commonly around five days."   World Health

Organization, Q&A on coronaviruses (COVID-19) (March 9, 2020), available at: https://www.who.int/news-room/q-a-detail/q-a-coronaviruses (last visited March 27, 2020).

19.     An infected individual may spread COVID-19 before he or she begins to present significant symptoms.  As the World Health Organization explained, "many people with COVID-19 experience only mild symptoms.  This is particularly true at the early stages of the disease.  It is therefore possible to catch COVID-19 from someone who has, for example, just a mild cough and does not feel ill."  World Health Organization, Q&A on coronaviruses (COVID-19) (March 9, 2020), available at: https://www.who.int/news-room/q-a-detail/q-a-coronaviruses (last visited March 27, 2020).

20.     From January 27, 2020 through the present and continuing and ongoing, Plaintiffs and others similarly situated have performed work with or in close proximity to objects, surfaces, and/or individuals infected with COVID-19 without sufficient protective devices.

21.     For example, during the week of March 2, 2020, Plaintiff Braswell performed work in close proximity to objects, surfaces, and/or individuals infected with COVID-19 when she performed work in the same facility as at least one food industry employee who was infected with COVID-19.  Additionally, on March 11, 2020, Plaintiff Braswell performed work in close proximity to objects, surfaces, and/or individuals infected with COVID-19 when she monitored the work of a food industry employee who was later determined to be infected with COVID-19. Plaintiff Braswell was not provided, nor did she wear, any personal protective equipment on any of these occasions.

22.     For example, on or about March 8, 2020, Plaintiff Phillips performed work in close proximity to objects, surfaces, and/or individuals infected with COVID-19 when he performed work in the same facility with an individual(s) infected with COVID-19 and even performed a

procedure on a patient infected with COVID-19.  Mr. Phillips was not apprised of the patient's condition prior to performing the procedure on him.  With the exception of gloves, Plaintiff Phillips was not provided, nor did he wear, any personal protective equipment.

23.     For example, during March 2020, Plaintiffs Carrier, Guice, and Melder performed work in close proximity to objects, surfaces, and/or individuals infected with COVID-19 when they performed work inside the same federal prison as inmates and other staff infected with COVID-19.  In addition to working in the same institution with individuals infected with COVID-19, up through March 20, 2020, Plaintiffs Carrier and Guice performed work in close proximity to objects, surfaces, and/or individuals infected with COVID-19 when they supervised inmates on their work details who were infected with COVID-19.  Indeed, on or about March 19, 2020, Plaintiff Melder performed work in close proximity to objects, surfaces, and/or individuals infected with COVID-19 when he transported an inmate infected with COVID-19 and provided correctional supervision of the inmate at the hospital.  With the exception of gloves that Plaintiff Melder wore on or about March 19, 2020 and the limited personal protective gear the outside hospital personnel provided to him after he had spent a significant amount of time with the inmate, Plaintiffs Carrier, Guice, Melder, Braswell were not provided, nor did they wear, any personal protective equipment on any of these occasions.

24.     Exposure to objects, surfaces, and/or individuals  infected with COVID-19 was not taken into account in the classification of Plaintiffs' positions.

25.     As a result of plaintiffs' performance of their official duties in close proximity to objects, surfaces, and/or individuals  infected with COVID-19, the plaintiffs have been exposed to "virulent biologicals" within the meaning of subpart I of Part 550 of Title 5, Code of Federal

Regulations and hazardous micro-organisms within the meaning of subpart E of Part 532 of Title 5, Code of Federal Regulations.

26.     Defendant has not compensated plaintiffs with hazardous duty pay differential for exposure to virulent biologicals as set forth in Appendix A to subpart I of Part 550 of Title 5, Code of Federal Regulations or the environmental differential for exposure to hazardous micro-organisms set forth in Appendix A to subpart E of Part 532 of Title 5, Code of Federal Regulations.

27.     Accordingly, since January 27, 2020, and continuing to date, the defendant has failed to provide hazardous duty and environmental differential pay to the plaintiffs when they work with or in close proximity to objects, surfaces, and/or individuals infected with COVID-19 as required by 5 U.S.C. § 5545(d) and 5 U.S.C. § 5343(c)(4).

## CLASS ACTION ALLEGATIONS

28.     Plaintiffs incorporate all preceding paragraphs as if fully stated herein.

29.     Plaintiffs Brenda Braswell, Jerrod Carrier, George Guice, Jason Phillips, and Aubrey Melder bring this class action pursuant to Fed. R. Civ. P. 23(a) and (b) on behalf of the following class (hereinafter "Hazardous Duty Class"):

> All federal employees who from January 27, 2020 through the present and continuing and ongoing performed work with or in close proximity to objects, surfaces, and/or individuals infected with the novel coronavirus ("COVID-19") without sufficient protective devices and were not paid the hazardous duty pay differential for exposure to virulent biologicals set forth in Appendix A to subpart I of Part 550 of Title 5, Code of Federal Regulations, or the environmental differential for exposure to hazardous micro-organisms set forth in in Appendix A to subpart E of Part 532 of Title 5, Code of Federal Regulations.

30.     Plaintiffs Brenda Braswell, Jerrod Carrier, George Guice, Jason Phillips, and Aubrey Melder are members of the Hazardous Duty Class they seek to represent.

31.     The proposed members of the Hazardous Duty Class identified herein are so numerous that joinder of all members is impracticable.  Only the Defendant's own records will reveal the actual number of federal employees who have performed and continue to perform work with or in close proximity to objects, surfaces, and/or individuals infected with COVID-19 without sufficient protective devices and were not paid the hazardous duty pay differential for exposure to virulent biologicals set forth in Appendix A to subpart I of Part 550 of Title 5, Code of Federal Regulations or the environmental differential for exposure to hazardous micro-organisms set forth in in Appendix A to subpart E of Part 532 of Title 5, Code of Federal Regulations.  However, Plaintiffs are informed and believe that the proposed class may include over one hundred thousand federal employees.

32.     Questions of law and fact are common to the Hazardous Duty Class, and these questions predominate over any questions that may affect only individual class members. Questions of law and fact that are common to all members of the Hazardous Duty Class include: (1) whether the class member performed work with or in close proximity to objects, surfaces, and/or individuals infected with COVID-19; (2) whether the class member performed such work without sufficient protective devices; (3) whether exposure to COVID-19 has been taken into account in the classification of his or her position; and (4) whether the class member was paid the hazardous duty pay differential for exposure to virulent biologicals or the environmental differential for exposure to hazardous micro-organisms for each day that they performed such work.

33.     The claims of Plaintiffs Brenda Braswell, Jerrod Carrier, George Guice, Jason Phillips, and Aubrey Melder are typical of the claims of the Hazardous Duty Class.  Specifically, like all members of the class, Plaintiffs performed work with or in close proximity to objects,

surfaces, and/or individuals infected with COVID-19 without sufficient protective devices; Plaintiffs were not paid the hazardous duty pay differential for exposure to virulent biologicals set forth in Appendix A to subpart I of Part 550 of Title 5, Code of Federal Regulations or the environmental differential for exposure to hazardous micro-organisms set forth in in Appendix A to subpart E of Part 532 of Title 5, Code of Federal Regulations; and their claims rest on proof and legal theories common to all proposed class members.

34.     Plaintiffs Brenda Braswell, Jerrod Carrier, George Guice, Jason Phillips, and Aubrey Melder as Representative Plaintiffs, will fairly and adequately represent and protect the interests of the members of the Hazardous Duty Class because: (1) they are willing and able to represent the proposed class and have every incentive to pursue this action to a successful conclusion; (2) their interests are not antagonistic to those of the other class members; and (3) they are represented by counsel experienced in litigating class actions involving federal employees.

35.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because the Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Specifically, the Defendant has and continues to require members of the Hazardous Duty Class to perform work with or in close proximity to objects, surfaces, and/or individuals infected with COVID-19 without sufficient protective devices and the Defendant has failed, and continues to fail to pay members of the Hazardous Duty Class the twenty five percent (25%) hazardous duty pay differential set forth in Appendix A to subpart I of Part 550 of Title 5, Code of Federal Regulations or the environmental differential for exposure to hazardous micro-organisms set forth in in Appendix A to subpart E of Part 532 of Title 5, Code of Federal Regulations for each day.

36.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the Hazardous Duty Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The class members have been damaged and are entitled to recovery as a result of the Defendant's common practice of failing to compensate Plaintiffs correctly as a result of their performance of work with or in close proximity to objects, surfaces, and/or individuals infected with COVID-19 without sufficient protective devices.  Requiring each class member to pursue his or her claim individually would result in needless duplication of proof and would waste the resources of both the parties and the courts. Finally, monetary relief would be easily calculable for the financial injuries suffered by members of the Hazardous Duty Class, consisting of a twenty five percent (25%) hazard pay differential for each day they performed work with or in close proximity to objects, surfaces, and/or individuals infected with COVID-19 covered by 5 U.S.C. § 5545(d), and a eight or four percent environmental differential for employees covered by 5 U.S.C. § 5343(c)(4).

## CLAIMS

### COUNT ONE – Hazard Pay

37.     Plaintiffs incorporate all preceding paragraphs as if fully stated herein.

38.     5 U.S.C. § 5545(d) provides that the United States Office of Personnel Management ("OPM") shall establish a schedule of pay differentials for duty involving unusual physical hardship or hazard.

39.     Pursuant to 5 U.S.C. § 5545(d), OPM has issued regulations at 5 C.F.R. §§ 550.901-550.907 regarding hazardous duty pay differentials. These regulations establish a schedule of hazardous duty pay differentials and provide that an employee who qualifies for hazardous duty

pay shall be paid the hazardous duty pay differential for each day that the employee is exposed to the hazard.

40.     The schedule of hazardous duty pay differentials is contained in Appendix A to subpart I of Part 550 of Title 5, Code of Federal Regulations.  *See* 5 C.F.R. § 550.903.

41.     Pursuant to 5 C.F.R. § 550.904, federal agencies "shall pay the hazard pay differential listed in appendix A of this subpart to an employee who is assigned to and performs any duty specified in appendix A of this subpart" unless "the hazardous duty or physical hardship has been taken into account in the classification of his or her position[.]"

42.     When an employee performs any duty for which a hazard pay differential is authorized, the agency must pay the hazard pay differential for all hours that the employee worked on the day on which he or she performed the hazardous duty.  5 C.F.R. § 550.905.

43.     The schedule of hazardous duty pay differentials set forth in Appendix A to subpart I of Part 550 of Title 5, Code of Federal Regulations, provides that agencies shall pay a twenty five percent (25%) hazard pay differential when employees perform work with or in close proximity to "virulent biologicals," which are defined as "materials of micro-organic nature which when introduced into the body are likely to cause serious disease or fatality and for which protective devices do not afford complete protection."  5 C.F.R. § Pt. 550, Subpt. I, App. A.

44.     COVID-19 is a virus which when introduced into the body is likely to cause serious disease or fatality.  The Centers for Disease Control and Prevention ("CDC") has determined that COVID-19 meets the definition for "severe acute respiratory syndromes" as set forth in Executive Order 13295, as amended by Executive Orders 13375 and 13674, and, therefore, is a "quarantinable communicable disease."  *See* Attachment to OPM Memorandum No. 2020-05, *Coronavirus Disease 2019 (COVID-19): Additional Guidance* (March 7, 2020).  COVID-19 can

cause symptoms ranging from mild illness "to severe illness and death." *See* Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), Symptoms of Coronavirus, available at: https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/symptoms.html (last visited March 27, 2020). More than 24,000 people worldwide, including more than 1,300 in the United States, have died from COVID-19. *See* CBS News, *Coronavirus updates: U.K. Leader Tests Positive as U.S. States Seek Help* (March 27, 2020), available at: https://www.cbsnews.com/live-updates/coronavirus-news-latest-2020-03-27/ (last visited March 27, 2020).

45.     COVID-19 is "spreading easily from person-to-person" and has been characterized as a pandemic by the World Health Organization ("WHO"). *See* Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), Situation Summary, available at: https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/summary.html#severity (last visited March 27, 2020).

46.     The virus can spread by touching infected objects or surfaces and by breathing in areas where an infected person has coughed or exhaled. As the World Health Organization explained, "The disease can spread from person to person through small droplets from the nose or mouth which are spread when a person with COVID-19 coughs or exhales. These droplets land on objects and surfaces around the person. Other people then catch COVID-19 by touching these objects or surfaces, then touching their eyes, nose or mouth. People can also catch COVID-19 if they breathe in droplets from a person with COVID-19 who coughs out or exhales droplets." World Health Organization, Q&A on coronaviruses (COVID-19) (March 9, 2020), available at: https://www.who.int/news-room/q-a-detail/q-a-coronaviruses (last visited March 27, 2020).

47.     A person who is infected with COVID-19 will not present symptoms immediately. Rather, there is an "incubation period" in which a person is infected but has not begun to present symptoms.  According to the World Health Organization, "Most estimates of the incubation period for COVID-19 range from 1-14 days, most commonly around five days."  World Health Organization, Q&A on coronaviruses (COVID-19) (March 9, 2020), available at: https://www.who.int/news-room/q-a-detail/q-a-coronaviruses (last visited March 27, 2020).  This means that a person who is infected with COVID-19 may carry the disease for several days before he or she begins to present symptoms.

48.     An infected individual may spread the virus before he or she begins to present significant symptoms that may cause the infected person to be tested.  As the World Health Organization explained, "many people with COVID-19 experience only mild symptoms. This is particularly true at the early stages of the disease. It is therefore possible to catch COVID-19 from someone who has, for example, just a mild cough and does not feel ill."  World Health Organization, Q&A on coronaviruses (COVID-19) (March 9, 2020), available at: https://www.who.int/news-room/q-a-detail/q-a-coronaviruses (last visited March 27, 2020).

49.     According to the World Health Organization, "Studies suggest that coronaviruses (including preliminary information on the COVID-19 virus) may persist on surfaces for a few hours or up to several days. This may vary under different conditions (e.g. type of surface, temperature or humidity of the environment)."  World Health Organization, Q&A on coronaviruses (COVID-19) (March 9, 2020), available at: https://www.who.int/news-room/q-a-detail/q-a-coronaviruses (last visited March 27, 2020).   This means that contact with an infected object or surface presents a risk of transmission for "up to several days" from the time the object or surface became infected.

50.     From January 27, 2020 through the present and continuing and ongoing, Plaintiffs Brenda Braswell, Jason Phillips, Aubrey Melder and others similarly situated have performed work with or in close proximity to objects, surfaces, and/or individuals infected with COVID-19 without sufficient protective devices.

51.     Exposure to COVID-19 was not taken into account in the classification of Plaintiffs' positions.

52.     Defendant has failed, and continues to fail to pay plaintiffs the twenty five percent (25%) hazardous duty pay differential for each day that the plaintiffs have been exposed to COVID-19 through the performance of their official duties without sufficient protective devices.

53.     By failing to pay plaintiffs a twenty five percent (25%) pay differential on these occasions, and continuing to fail and refuse to pay plaintiffs for this hazardous duty, the Defendant has violated, and is continuing to violate, the provisions of Title 5 relating to hazardous duty pay at 5 U.S.C. § 5545(d).

54.     As a consequence of defendant's failure to pay the plaintiffs hazardous duty pay, the plaintiffs have been unlawfully deprived of hazardous duty pay and other relief.

55.     As a result of the defendant's willful and purposeful violations of Title 5, there has become due and owing to each of the plaintiffs various amounts which have not yet been precisely determined. The employment and work records for each plaintiff are in the possession, custody and control of the Defendant and the Plaintiffs are unable to state at this time the exact amounts owing to each of them. Defendant is under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. § 211(c)) and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to plaintiffs and other employees similarly situated from which the amounts of defendant's liability can be ascertained.

**COUNT TWO – Environmental Differential Pay**

56.     Plaintiffs incorporate all preceding paragraphs as if fully stated herein.

57.     Pursuant to 5 U.S.C. § 5343(c)(4), OPM has issued regulations regarding wage schedules and rates for prevailing rate employees which provide for environmental pay differentials for duty involving unusually severe working conditions or unusually severe hazards. *See* 5 C.F.R. § 532.511.

58.     The schedule of environmental differentials is contained in Appendix A to subpart E of Part 532 of Title 5, Code of Federal Regulations.  *See* 5 C.F.R. § 532.511(d).

59.     The schedule of environmental differentials provides that agencies shall pay an eight percent (8%) environmental differential when employees perform work with or in close proximity to "micro-organisms which involves potential personal injury such as death, or temporary, partial, or complete loss of faculties or ability to work due to acute, prolonged, or chronic disease" in situations where "the use of safety devices and equipment, medical prophylactic procedures such as vaccines and antiserims and other safety measures do not exist or have been developed but have not practically eliminated the potential for such personal injury" or a four percent (4%) environmental differential when employees perform work with or in close proximity to "micro-organisms in situations for which the nature of the work does not require the individual to be in direct contact with primary containers of organisms pathogenic for man" where "the use of safety devices and equipment and other safety measures have not practically eliminated the potential for personal injury."  5 C.F.R. § Pt. 532, Subpt. E, App. A.

60.     The regulations provide that "An employee entitled to an environmental differential shall be paid an amount equal to the percentage rate authorized by the Office of Personnel Management for the category in which the working condition or hazard falls, multiplied by the

rate for the second step of WG–10 for the appropriated fund employees and NA–10 for the nonappropriated fund employees on the current regular non-supervisory wage schedule for the wage area for which the differential is payable, counting one-half cent and over as a whole cent." 5 C.F.R. § 532.511(b)(1).

61.     An employee entitled to an environmental differential on the basis of hours in a pay status "shall be paid for all hours in a pay status on the day on which he/she is exposed to the situation."  5 C.F.R. § 532.511(b)(3).

62.     From January 27, 2020 through the present and continuing and ongoing and continuing to the present, Plaintiffs Jerrod Carrier and George Guice and other similarly situated prevailing rate employees have performed work with or in close proximity to objects, surfaces, and/or individuals infected with COVID-19.

63.     Exposure to objects, surfaces, and/or individuals infected with COVID-19 poses a risk of personal injury such as death, or temporary, partial, or complete loss of faculties or ability to work due to acute, prolonged, or chronic disease.  The Centers for Disease Control and Prevention ("CDC") has determined that COVID-19 meets the definition for "severe acute respiratory syndromes" as set forth in Executive Order 13295, as amended by Executive Order 13375 and 13674, and, therefore, is a "quarantinable communicable disease."  *See* Attachment to OPM Memorandum No. 2020-05, *Coronavirus Disease 2019 (COVID-19): Additional Guidance* (March 7, 2020).  COVID-19 can cause symptoms ranging from mild illness "to severe illness and death."  *See* Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), Symptoms of Coronavirus, available at: https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/symptoms.html (last visited March 27, 2020).  More than 24,000 people worldwide, including more than 1,300 in the United States, have died from COVID-19.  *See* CBS News,

*Coronavirus updates: U.K. Leader Tests Positive as U.S. States Seek Help* (March 27, 2020),

available at:   https://www.cbsnews.com/live-updates/coronavirus-news-latest-2020-03-27/ (last

visited March 27, 2020).

64.     Representative Plaintiffs Jerrod Carrier and George Guice and other similarly

situated prevailing rate employees have performed work with or in close proximity to objects,

surfaces, and/or individuals infected with COVID-19 without sufficient protective devices.

65.     Defendant has failed, and continues to fail to pay plaintiffs the eight or four percent

environmental differential listed in Appendix A to subpart E of Part 532 of Title 5, Code of Federal

Regulations for each period when they have been exposed to COVID-19 through the performance

of their official duties.

66.     By failing to pay plaintiffs the eight or four percent environmental differential on

these occasions, and continuing to fail and refuse to pay plaintiffs for this hazardous duty, the

Defendant has violated, and is continuing to violate the provisions of 5 U.S.C. § 5343(c)(4).

67.     As a consequence of defendant's failure to pay the plaintiffs environmental

differential pay, the plaintiffs have been unlawfully deprived of environmental differential pay and

other relief.

68.     As a result of the defendant's willful and purposeful violations of Title 5, there has

become due and owing to each of the plaintiffs various amounts which have not yet been precisely

determined. The employment and work records for each plaintiff are in the possession, custody

and control of the Defendant and the Plaintiffs are unable to state at this time the exact amounts

owing to each of them. Defendant is under a duty imposed by the Government Accounting Office

retention schedule, the FLSA (29 U.S.C. § 211(c)) and various statutory and regulatory provisions

to maintain and preserve payroll and other employment records with respect to plaintiffs and other employees similarly situated from which the amounts of defendant's liability can be ascertained.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court grant relief against Defendant as follows:

(a)     Enter judgment declaring that the Defendant violated 5 U.S.C. § 5545(d) by failing and refusing to pay Representative Plaintiffs Braswell, Phillips, and Melder and other similarly situated employees the twenty five percent (25%) hazardous duty pay differential for exposure to "virulent biologicals" listed in Appendix A to subpart I of Part 550 of Title 5, Code of Federal Regulations, for each day that they have been required to work with or in close proximity to objects, surfaces, and/or individuals infected with COVID-19 without protective devices that afford complete protection.

(b)     Enter judgment declaring that the Defendant violated 5 U.S.C. § 5343(c) by failing and refusing to pay Representative Plaintiffs Carrier and Guice and other similarly situated prevailing rate employees the eight or four percent environmental pay differential for exposure to hazardous micro-organisms listed in Appendix A to subpart E of Part 532 of Title 5, Code of Federal Regulations for each period that they have been required to work with or in close proximity to objects, surfaces, and/or individuals infected with COVID-19 where the use of safety devices and equipment, medical prophylactic procedures such as vaccines and antiserims and other safety measures do not exist or have been developed but have not practically eliminated the potential for such personal injury.

(c)     Certify a class consisting of all federal employees who from January 27, 2020 through the present and continuing and ongoing performed work with or in close proximity to objects, surfaces, and/or individuals infected with  the novel coronavirus ("COVID-19") without

sufficient protective devices, and were not paid the hazardous duty pay differential for exposure to virulent biologicals set forth in Appendix A to subpart I of Part 550 of Title 5, Code of Federal Regulations, or the environmental differential for exposure to hazardous micro-organisms set forth in in Appendix A to subpart E of Part 532 of Title 5, Code of Federal Regulations.

(d)    Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(e)    Award each plaintiff monetary damages in the form of back pay compensation plus interest;

(f)    Award Plaintiffs and all other Hazardous Duty Class members their reasonable attorneys' fees to be paid by Defendant, and the costs of this action; and

(g)    Grant such other legal and equitable relief as may be just and proper.

Respectfully submitted,

  s/ Heidi R. Burakiewicz
HEIDI R. BURAKIEWICZ
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Avenue NW, Suite 1000
Washington, D.C. 20006
(202) 331-9260 (phone)
(877) 219-7127 (fax)
hburakiewicz@kcnlaw.com

Counsel of Record for the Plaintiffs

Robert DePriest
Michael Robinson
Alexander F. Booker
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Avenue NW, Suite 1000
Washington, D.C. 20006
(202) 331-9260 (phone)
(877) 219-7127 (fax)
rdepreist@kcnlaw.com
mrobinson@kcnlaw.com
abooker@kcnlaw.com

Of Counsel for the Plaintiffs

Judith Galat
Assistant General Counsel
American Federation of Government Employees
80 F Street, N.W.
Washington, DC 20001
(202) 639-6424 (phone)
(202) 639-6441 (fax)
galatj@afge.org

Of Counsel for the Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Federal Claims by using the CM/ECF system.  I also certify that the foregoing document is being served on Defendant's counsel of record and that service will be accomplished by the CM/ECF system.

Respectfully,

 s/ Heidi R. Burakiewicz
Heidi R. Burakiewicz

March 27, 2020