IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BRENDA BRASWELL, *et al.*, : <br> : <br> : <br>     Plaintiffs, : <br> v. : <br> : <br> THE UNITED STATES OF AMERICA : <br> : <br>     Defendant. : <br> : | Civil Action No. 20-359C <br><br> Judge Victor J. Wolski |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY OR,
IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME TO FILE ITS REPLY**

Plaintiffs oppose a total suspension of the case proceedings. Plaintiffs do not oppose an interlocutory appeal or a partial stay as long as potential plaintiffs wishing to opt in to the case continue to be able to do so and either (1) any stay does not prevent the Court from ruling on a motion for class certification, which Plaintiffs intend to file shortly and which will allow notice to issue so that putative plaintiffs are provided an opportunity to opt in to the lawsuit; or (2) the statute of limitations is tolled for the duration of the appeal such that putative plaintiffs are not prejudiced by the appeal. Although the parties are in disagreement about the extent of the stay, the Government agreed in communications between the parties that Plaintiffs should be able to add additional plaintiffs to the case during any stay by filing amended complaints naming additional plaintiffs or filing FLSA consent forms during the pendency of the stay, so long as any response deadline remains stayed. Nevertheless, putative plaintiffs will be severely prejudiced if plaintiffs are unable to file a motion for class certification and notice is not issued informing them of their ability to join this action during a stay.

1

I.      **RELEVANT PROCEDURAL HISTORY**

Plaintiffs filed a complaint on March 27, 2020 on behalf of themselves and other similarly situated federal employees who have been assigned to work with or in close proximity to objects, surfaces, and/or individuals infected with COVID-19 without sufficient protective devices from January 27, 2020, to present and ongoing.  ECF No. 11, ¶¶ 2, 32–33, 35–46–62.  Plaintiffs seek hazardous duty pay (Count I), environmental differential pay (Count II) and unpaid overtime under the FLSA for the Government's failure to include the hazardous duty pay and environmental differential pay in its calculation of Plaintiffs' overtime wages (Count III).  ECF No. 1.  The statute of limitations for Plaintiffs' FLSA claim is two years, but may be extended to three years if the Court finds the government's FLSA violation willful.  29 U.S.C. § 255(a).  The limitations period is six years for Counts I and II.  5 U.S.C. § 5596.

Between May 26, 2020 and February 5, 2021, separate groups of plaintiffs filed at least ten additional cases alleging substantially similar or identical complaints based on facts common to plaintiffs across all cases.[1]  As the Government points out, Plaintiffs in this case represent 22 Federal employees employed by 14 different agencies, in 19 different occupations, and in 12 different states.  ECF No. 22 at 2 (citing ECF No. 11 at 3–9).  The Government moved to dismiss this and the first four related complaints filed.[2]  Motions to dismiss are pending in this case, *Plaintiff No. 1*, and *Babcock*.  On December 14, 2020, the court denied the motion to dismiss in *Charles Adams* (No. 20-909, ECF No. 13) and on February 5, 2021, the court granted the

---

[1]     *See Plaintiff No. 1 v. United States*, No. 20-640C (Fed. Cl.); *Cody Adams v. United States*, No. 20-783 (Fed. Cl.); *Babcock v. United States*, No. 20-841 (Fed. Cl.); *Charles Adams v. United States*, No. 20-909 (Fed. Cl.); *Higgins v. United States*, No. 20-1700C (Fed. Cl.); *Mayle v. United States*, No. 20-1818 (Fed. Cl.); *Abraham v. United States*, No. 20-1859 (Fed. Cl.); *Chance Adams v. United States*, No. 20-1952 (Fed. Cl.); *Aguero v. United States*, No. 20-1966 (Fed. Cl.); *Akano v. United States*, No. 21-807 (Fed. Cl.); *Andreas v. United States*, No. 21-833 (Fed. Cl.); *Ackley v. United States*, No. 21-874 (Fed. Cl.).

[2]     *Plaintiff No. 1*, No. 20-640C (Fed. Cl.); *Cody Adams*, No. 20-783 (Fed. Cl.); *Babcock*, No. 20-841 (Fed. Cl.); *Charles Adams*, No. 20-909 (Fed. Cl.)

Government's motion in *Cody Adams* (No. 20-783, ECF No. 20). Plaintiffs in *Cody Adams* filed their notice of appeal on February 8, 2021 (No. 20-783, ECF No. 22), and the Government now seeks to stay this case in its entirety pending resolution of that appeal.

## II.     DISCUSSION

### A.     Legal Standard

When exercising its discretion to stay proceedings, a court "must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). The proponent of a request for a stay bears the burden of establishing "'a clear case of hardship or inequity in being required to' proceed with litigation." *Brown v. United States*, 131 Fed. Cl. 540, 541 (2017) (quoting Landis, 299 U.S. at 255). *Accord Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.")).

### B.     Granting a Complete Stay will Irreparably Harm Putative Plaintiffs Who Must Opt In To the Case

Absent a tolling of the statute of limitations, putative Plaintiffs will be irreparably harmed by the stay if it prevents the court from ruling on a motion for class certification and issuing notice so that putative plaintiffs are provided an opportunity to join the lawsuit before the statute of limitations expires on one or more of their potential claims. Rule 23 of this Court requires potential participants of a class action to indicate their desire to join the case by affirmatively "opting in" through consent notices filed with the court. RCFC 23(c). Potential plaintiffs must be made aware of the lawsuit before the statute of limitations runs.

A complete stay will serve to deprive countless putative plaintiffs from receiving notice about the pendency of this litigation and their ability to pursue their rights. Courts have found putative plaintiffs in FLSA collective actions – which all require an opt-in process similar to RCFC 23 – stood to lose in similar circumstances because a stay "would delay conditional certification

and therefore notice to potential class members[.]" *Archon v. Taylor & Tyler, Inc.*, No. 18-6854, 2018 WL 5084875 at *3 (E.D. La. Oct. 18, 2018) (explaining that a stay would delay potential plaintiffs' opportunity to file written consent forms to join the case while the statute of limitations would continue to run); *In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-6820, 2013 WL 2434611 (E.D. Pa. June 5, 2013) (denying stay in FLSA action in part because there is "a strong potential harm against non-parties to the collective action, as the two or three-year statute of limitations continues to run."); *see also Israel Antonio-Morales v. Bimbo's Best Produce, Inc.*, No. Civ.A.8:5105, 2009 WL 1591172, at *2 (E.D.La. Apr. 20, 2009) ("Potential opt-ins stand to forfeit their claims through no fault of their own during the pendency of the stay, and ... workers whose FLSA rights were violated by Defendants will be unable to join this action as named plaintiffs or opt-in plaintiffs during the stay and therefore will be unable to assert their rights and preserve their Case FLSA claims."); *Brown v. Citicorp Credit Servs., Inc.*, No. 1:12-CV-62-BLW, 2013 WL 1760267, at *3 (D. Idaho Apr. 24, 2013) (denying request to stay case in full while the conditional certification and notice process proceeded because otherwise putative plaintiffs who are unaware of the case will be deprived of notice and may become barred by the statute of limitations).

  Here, Plaintiffs estimate there may be hundreds of thousands of putative plaintiffs, but by the Government's accounting, only approximately 1,400 have joined one of the related cases. ECF No. 22 at 2–3.  Any number of the remaining putative plaintiffs may be unaware of this lawsuit and their eligibility to vindicate their rights by joining this case during the pendency of any stay and before the statute of limitations runs on their claims if the court enters a complete stay.  Indeed, Plaintiffs' counsel continue to receive communications from putative plaintiffs indicating they have just learned about the case and asking how they can participate.  Although the statute of limitations will continue to run on potential plaintiffs' claims for the duration of an interlocutory

appeal, the Government seeks a stay without offering any alternatives to avoid injury to putative plaintiffs.

### C. The Government Has Not Met Its Burden of Establishing A Clear Case of Hardship or Inequity in Being Required to Proceed with Litigation

When balanced against the real concern of irreparable harm to putative plaintiffs, the Government has not met its burden of establishing "'a clear case of hardship or inequity in being required to' proceed with litigation." *Brown*, 131 Fed. Cl. 540, 541 (2017) (quoting *Landis*, 299 U.S. at 255. *Accord Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.")). Rather than address any of the harm to putative Plaintiffs, the Government merely argues all of these issues should be deferred while the Federal Circuit considers this Court's decision in a related case, which would have the effect of allowing the statute of limitations to run on one or more of plaintiffs' claims. *See* ECF No. 22 at 7. The Government should not be permitted to obtain such a significant litigation advantage by staying the case while the statute of limitations expires under the guise of judicial efficiency.

### III. Conclusion

For the reasons set forth above, Plaintiffs do not oppose an interlocutory appeal or a partial stay as long as they are able to continue to file consent forms with the Court for plaintiffs wishing to opt in to the case and either (1) any stay does not prevent the Court form ruling on a motion for class certification, which Plaintiffs intend to file promptly and which will allow notice to issue so that putative plaintiffs are provided an opportunity to opt in to the lawsuit; or (2) the statute of limitations is tolled for the duration of the appeal such that putative plaintiffs are not prejudiced by the appeal.

Date:  March 4, 2021          Respectfully submitted,

 s/ Heidi R. Burakiewicz
HEIDI R. BURAKIEWICZ
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Avenue NW, Suite 1000
Washington, D.C. 20006
(202) 331-9260 (phone)
(877) 219-7127 (fax)
hburakiewicz@kcnlaw.com

Counsel of Record for the Plaintiffs

Robert DePriest
Alexander F. Booker
Jude Nwaokobia
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Avenue NW, Suite 1000
Washington, D.C. 20006
(202) 331-9260 (phone)
(877) 219-7127 (fax)
rdepriest@kcnlaw.com
abooker@kcnlaw.com
jnwaokobia@kcnlaw.com

Of Counsel for the Plaintiffs

Judith Galat
Assistant General Counsel
American Federation of Government Employees
80 F Street, N.W.
Washington, DC 20001
(202) 639-6424 (phone)
(202) 639-6441 (fax)
galatj@afge.org

Of Counsel for the Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Federal Claims by using the CM/ECF system.  I also certify that the foregoing document is being served on Defendant's counsel of record and that service will be accomplished by the CM/ECF system.

                                    Respectfully,

                                    s/ Heidi R. Burakiewicz
                                    Heidi R. Burakiewicz

March 4, 2021